UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Arminak & Associates,** | ) | **CASE NO. 1:10 MC 102** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **Saint-Gobain Calmar, Inc., n/k/a** | ) | **Memorandum of Opinion and Order** |
| **MeadWestvaco Calmar, Inc.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### INTRODUCTION

This matter is before the Court upon Defendant's Motion to Compel Documents from Thomas Richmond Pursuant to Subpoena Duces Tecum (Doc. 1). This is an antitrust case. For the reasons that follow, the motion is GRANTED in PART and DENIED in PART. Richmond must produce all documents in "category one," as set forth below, within three days of the entry of this Order.

### FACTS

Plaintiff, Aminak & Associates, filed a lawsuit in 2004 against defendant, Saint-

1

Gobain Calmar, Inc., now known as MeadWestvaco Calmar, Inc., in the Central District of California.  The complaint contains various claims related to allegedly anti-competitive conduct.  According to plaintiff, in response to defendant's interrogatory requests, plaintiff identified Mr. Thomas Richmond as a "person with knowledge."  Thereafter, defense counsel contacted Richmond, who informed counsel that he knew nothing of the claims against defendant.  Accordingly, defendant did not depose Richmond.  After the close of fact discovery, plaintiff identified Richmond as a fact witness and provided defendant with a draft declaration from Richmond.  Apparently, the draft declaration contains information that directly contradicts Richmond's prior statement that he lacks knowledge of the issues in the case.  Defense counsel again contacted Richmond directly and Richmond informed counsel that he was in Poland and could not discuss the matter.  Later that day, Mr. Maxwell Blecher, counsel for plaintiff, indicated to defense counsel that he now represented Richmond.  As a result, defense counsel could no longer contact Richmond directly.  Thereafter, defendant moved the court where the action is pending to take discovery regarding Richmond.  Judge Carney issued the following order,

> Mr. Richmond is apparently an important witness for [Plaintiff], and Defendant needs to conduct an organized and prepared cross-examination of him at trial.  The Court must avoid confusion of the issues, undue delay, waste of time and needless presentation of evidence.  The deposition and documents subpoena shall be limited to the subjects of Mr. Richmond's trial testimony, his communications with Plaintiff and his or his company's relationship with any factories in China used by Plaintiff.
>
> Thereafter, defendant issued a subpoena duces tecum from this district to Richmond.

Richmond objected to certain categories of documents.  Defendant now moves to compel the

production of two categories of documents and Richmond opposes the motion.[1]  Each category will be addressed in turn.

**ANALYSIS**

1. Category one

The subpoena issued by defendant seeks all documents and voicemails to or from Blecher & Collins, P.C., dated on or before July 26, 2010.  Richmond objected to these requests on the grounds that any such information is covered by the attorney-client and work product privileges.  Defendant argues that the documents are not protected by the attorney-client privilege because no attorney-client privilege existed until July 27, 2010, the date on which Richmond requested that Blecher & Collins represent him.  Prior to this date, there is no indication that Richmond and Blecher & Collins maintained an attorney-client relationship.  In addition, Richmond failed to produce a privilege log.  Defendant also argues that the work product privilege does not apply because the subpoena seeks only documents in the possession, custody, or control of Richmond.  Defendant does not seek documents from Blecher & Collins.  Defendant again argues that the attorney-client relationship did not arise until July 27, 2010.  Therefore, no work product privilege could attach to documents possessed by Richmond and dated on or before July 26, 2010.  Since Richmond was not a client at that time, any arguable work product privilege is waived by the disclosure of the documents to Richmond.  Defendant also claims that the documents must be produced

---

[1] In its initial motion, defendant moved to compel the production of a third category of documents.  In his brief in opposition, Richmond indicates that no responsive documents exist.  Accordingly, the Court need not address this category.

3

because the information falls within the purview of Judge Carney's discovery order. Specifically, defendant argues that the documents relate to "the subjects of Mr. Richmond's trial testimony," as well as "communications with plaintiff."

In response, Richmond argues that the request exceeds the scope of Judge Carney's order. Specifically, Richmond points out that the order expressly allows defendant to obtain discovery regarding his "communications with plaintiff." It does not permit defendant to seek information regarding his communications with others, including any communication between himself and Blecher & Collins. In addition, Richmond generically argues that any communications between himself and Blecher & Collins are not the "subject of his trial testimony." Richmond also claims that the work product privilege applies to communications between Richmond and Blecher & Collins for communications occurring before July 27, 2010. According to Richmond, the communications relate to the preparation of a declaration.

Upon review, the Court finds that Richmond must produce documents and voicemails between Richmond and Blecher & Collins, dated on or before July 26, 2010, because the communications are protected by neither the attorney-client privilege nor the work product doctrine. As an initial matter, the Court notes that Richmond does not appear to argue that an attorney-client relationship arose prior to July 27, 2010. Accordingly, the attorney-client privilege may not be invoked. In addition, the Court rejects Richmond's claim that the work product privilege applies. As an initial matter, Richmond's failure to produce a privilege log makes it all but impossible for the Court to analyze whether the work product doctrine protects the documents from disclosure. Moreover, the Court agrees with defendant that, to the extent the privilege even applies, plaintiff waived the privilege by turning over a draft of

Richmond's declaration to defendant.[2] In addition, although Richmond appears to claim that the documents relate to the preparation of the declaration, the Court cannot determine whether all documents relate to the declaration because Richmond failed to provide a privilege log. In all, plaintiff and Richmond fail to establish that the documents are entitled to work product protection.[3]

Richmond also argues that the documents do not fall within the purview of Judge Carney's order. This Court disagrees. Judge Carney indicated that defendant could issue a subpoena duces tecum regarding the "subject matter of Mr. Richmond's trial testimony." As defendant aptly points out, prior to July 27, 2010, it is highly unlikely that any communications between Richmond and Blecher & Collins could relate to something *other* than his trial testimony. Moreover, Richmond makes no argument, even in a general fashion, that suggests that the documents are unrelated to his trial testimony. Accordingly, the Court finds that the documents are relevant and are not subject to any privilege. As such, Richmond

---

[2] While final versions of affidavits prepared by third party witnesses are generally not protected by the work product doctrine, "the work product doctrine does protect information relevant to the evolution of an affidavit, including but not limited to communications with the counsel relating to the affidavit, prior drafts of the affidavit, and any notes made by counsel while engaging in the process of drafting the affidavit." *Tuttle v. Tyco Elecs. Installations Servs., Inc.*, unreported, 2007 WL 4561530 (S.D. Ohio Dec. 21, 2007).

[3] Plaintiff argues that defendant failed to comply with this Court's meet-and -confer rules. The Court agrees with plaintiff, however, that to require defendant to comply with the rules would be an exercise in futility. Accordingly, the Court does not find this to be a sufficient basis on which to deny defendant's motion.

5

must produce the documents.[4]

    2. Category two

Defendant requests that Richmond produce "all documents sufficient to show the time, location, and length of any trips [taken] during the time period July 1, 2010 through August 30, 2010." According to defendant, these documents are relevant to Richmond's anticipated trial testimony. Defendant argues that Richmond informed defense counsel on July 27, 2010, that he could not be interviewed over the phone because he was in Poland at the time. Defendant claims that it is entitled to test the veracity of this statement. This Court finds that Richmond need not produce these documents. As an initial matter, the request is overbroad in that it seeks documents regarding Richmond's whereabouts for a two-month period. Moreover, the Court finds that, while Judge Carney permitted defendant to obtain documents regarding Richmond's trial testimony, the order is not so broad so as to allow defendant to obtain documents regarding the truthfulness of every statement Richmond ever made. Defendant does not provide any support for its apparent belief that Richmond's statement is false. To allow defendant to subpoena every document related to all prior statements made by Richmond would exceed the scope of the order. Accordingly, defendant's request is DENIED.

**CONCLUSION**

For the foregoing reasons, Defendant's Motion to Compel Documents from Thomas

---

[4]     The Court rejects plaintiff's request to transfer this matter to the Central District of California. While transfer may be appropriate in some circumstances, it is not appropriate here. The delay any transfer would cause might negatively impact the fast-approaching trial date.

6

Richmond Pursuant to Subpoena Duces Tecum is GRANTED in PART and DENIED in PART.  Richmond must produce all documents in "category one," within three days of the entry of this Order.

     IT IS SO ORDERED.



                              /s/ Patricia A. Gaughan
                              PATRICIA A. GAUGHAN
                              United States District Judge

Dated: 01/10/11